IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>TRAVIS WILLIAM YATES<br>and<br>KRISTIN ANN GOETZ<br><br>      Debtor | Case No. 17-22528-MMH<br>Chapter 13 |

**OBJECTION BY CREDITOR HUHRA HOMES, LLC**
**TO CONFIRMATION OF DEBTORS' SECOND AMENDED CHAPTER 13 PLAN**

Creditor Huhra Homes, LLC ("Huhra Homes") hereby objects to the Debtors' proposed amended Chapter 13 plan (the "Second Amended Plan") (ECF 52) and states as follows:

**Background**

1. In 2014, Debtors hired Huhra Homes to build them a new home. Huhra Homes completed the home, but Debtors failed to pay in full.

2. Huhra Homes sued Defendants in the Circuit Court for Baltimore County for the balance owed. But on September 19, 2017, just before trial, Debtors filed this bankruptcy case.

3. Huhra Homes has filed a proof of claim (Claim 5-2) for $117,301.99. Of that amount, $34,045.86 is secured and in arrears. The balance of $83,256.13 is unsecured.

4. Debtors initially objected to Huhra Homes' claim but subsequently withdrew their objection. (*See* ECF 33 withdrawing objection.) Hence, Huhra Homes' claim is deemed allowed. *In re Herron*, 381 B.R. 184, 187-88 (Bankr. D. Md. 2008) ("a proof of claim is deemed allowed unless a party in interest objects").

1

5. According to Debtors' most recent Form 122C-2, their "monthly disposable income under § 1325(b)(2)" is $4,270.76.   (ECF 20 at 10, line 45.)

6. According to Debtors' most recent Form 106J, their monthly net income is $3,553.88.   (ECF 50 at 19, line 23c.)

7. On February 28, 2018, the parties appeared for a confirmation hearing on Debtors' original proposed plan (ECF 21) in which they proposed paying $1,000 a month for 60 months, for a total of $60,000.   The Court continued the confirmation hearing and ordered Debtors to file an amended plan by March 16, 2018.

8. At the February 28, 2018 hearing, the Court also scheduled a trial, to be held on April 3, 2018, on Debtors' objection (ECF 33) to Huhra Homes' claim.   However, as noted above, Debtors subsequently withdrew their objection, which mooted the April 3, 2018 trial.

9. On March 15, 2018, Debtors filed an amended plan (the "First Amended Plan") (ECF 41).   Under the First Amended Plan, Debtors proposed paying pay $1000 a month for 6 months and $1,250 a month for 54 months, for a total of $73,000 over 5 years.

10. On May 1, 2018, the Court denied confirmation of the First Amended Plan, with leave to amend.   (ECF 48.)

**The Proposed Second Amended Plan**

11. On May 29, 2018, Debtors filed their Second Amended Plan, which is now pending confirmation by this Court.

12. Under the Second Amended Plan, Debtors propose paying $1,000 a month for 6 months, $1,850 a month for 1 month, and $3,150.22 a month for 53 months, for a total term of 60 months and total payments of $174,811.66.

2

**Objections to Confirmation**

    **A.    The Second Amended Plan is not confirmable because it does not require Debtors to pay all their monthly disposable income, or interest, as required by Section 1352(b).**

13.    Debtors' schedules state two different values for their monthly disposable income. Both values are more than they propose paying in their Second Amended Plan, which violates Section 1352(b).

14.    According to their Form 122C-2 (ECF 20 at 10, line 45), their monthly disposable income is $4,270.76. According to their Form 106J (ECF 50 at 19, line 23c), their monthly net income is $3,553.88.

15.    Debtors propose to pay only $3,150.22 a month, and no interest to unsecured creditors, in their Second Amended Plan.

16.    "The price a debtor pays for not committing all of her disposable income to her plan is interest. This insures, consistent with the language of § 1325(b)(1), that creditors either are receiving all of debtor's disposable income *or* that they are compensated for the debtor's elective delay." *In re Sampson-Pack*, 12-30589-NVA, 2014 WL 1320371, at *5 (Bkr. D. Md. March 31, 2014). Hence, "debtors who do not devote all of their disposable income to a Chapter 13 plan, but pay all claims in full, must pay a rate of interest in exchange for their election to make payments over a longer period of time."

17.    Because Debtors' Second Amended Plan fails to devote all their disposable income to plan payments or pay interest on unsecured claims, it is not confirmable.

**Conclusion**

    For the reasons set forth above, the Second Amended Plan should not be confirmed.

Respectfully submitted,

  /s/ Martin H. Schreiber II
Martin H. Schreiber II (Fed. Bar No. 22886)
LAW OFFICE OF MARTIN H. SCHREIBER II, LLC
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
Tel: 410-366-4777
Fax: 443-308-5688
Email: mhs@schreiber-law.com

*Attorney for Creditor,*
*Huhra Homes, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on   June 29, 2018  , a copy of the foregoing was filed through the CM/ECF system for service on all registered users appearing in this case, including:

Marc A. Ominsky, Esq.
marc@mdlegalfirm.com

Nancy Spencer Grigsby, Chapter 13 Trustee
grigsbyecf@ch13md.com

  /s/   Martin H. Schreiber II
Martin H. Schreiber II

4